```
-----------------------------------------------------------X
NOVELL, INC.,                                              :
                                                           :
                        Plaintiff,                         :   FINAL JUDGMENT BY
                                                           :   CONSENT FOR A PERMANENT
                                                           :   INJUNCTION AGAINST
                                                           :   DEFENDANTS CRESCENT
                                                           :   COMPUTER & SOFTWARE
                                                           :   INC. AND AKBAR PETIWALA
                    v.                                     :
CRESCENT COMPUTER & SOFTWARE                               :
INC., a New York Corporation and AKBAR                     :
PETIWALA,                                                  :   Civil No. CV 02-3639
                                                           :
                        Defendants.                        :   Judge Joanna Seybert
                                                           :
-----------------------------------------------------------X
```

Pursuant to the stipulation of plaintiff NOVELL, INC. ("Novell") and defendants CRESCENT COMPUTER & SOFTWARE INC. and AKBAR PETIWALA (collectively the "Crescent Computer Parties"), as set forth below, the Court sitting without a jury and without trial, a jury and trial having been duly waived herein, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

    1.    This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338(a).

    2.    Novell has complied with the Copyright Act relating to, has obtained Certificates of Copyright Registration for, and is the owner of the copyright for each version of its NetWare computer networking software, said copyrights being in full force and effect and owned by Novell (the "Copyrights"). Some of the more recent versions of

Connect 2.0, TX 4-058-073; NetWare 4.2, TX 4-866-016; NetWare 4.11 and 4.2 (server license), TX 4-977-164; NetWare for Small Business 4.2, TX 4-859-982; IntranetWare, TX 4-447-629; and NetWare 5, TX 4-832-294; NetWare 5 (server license), TX 4-977-163; GroupWise 5.5, TX 4-832-321; Bordermanager Firewall Services 3.5, TX 5-104-566 and Internet Messenging System, TX 5-114-201 (collectively referred to herein as "Novell Software").

      3. Novell is the owner of the exclusive right to use certain trademarks in connection with its software distributed in interstate and foreign commerce. Novell's trademarks are registered with the United States Patent and Trademark Office, have become incontestible, and have become famous marks ("Trademarks"). Some of these trademarks and their Registration Numbers are as follows: Novell®, No. 1,338,892, and NetWare®, No. 1,328,271.

      4. Novell contends that the Crescent Computer Parties have acquired and distributed Novell Software and have used the Novell® and NetWare® trademarks in commerce without authorization from Novell and/or in ways not permitted by Novell.

      5. The Crescent Computer Parties and all of their officers, directors, employees, agents, subsidiaries, parent or affiliated companies, successors and assigns, and all other persons acting under their direction or control are permanently enjoined and restrained from:

      a. Using, employing, or replicating, in any form or fashion whatsoever, any Novell Trademarks, including, but not limited to, "Novell" and "NetWare," unless expressly authorized by Novell in writing and undertaken and done in

Novell's license(s) therefore;

   b. Committing any other acts that may cause customers, potential customers, the public, or anyone else to assume or believe that the Crescent Computer Parties, or any of them, or any related company or individual, are certified by, affiliated with, sponsored by, authorized by, or associated with Novell in any way, unless expressly authorized by Novell in writing and undertaken and done in compliance with Novell's then-current policies and procedures and in conformity with Novell's license(s) therefore;

   c. Doing any business in Novell products, including but not limited to NetWare products, unless expressly authorized by Novell in writing and undertaken and done in conformity with Novell's license(s) therefor and in compliance with Novell's then-current policies and procedures for (1) the acquisition, purchase, marketing, distribution, sale, and upgrade of licenses to use Novell Software or any other Novell software, and (2) the acquisition, distribution, or other transfer of any storage media containing Novell Software or other Novell software, and any associated packaging and documentation; and

   d. Otherwise infringing on any of Novell's Copyrights and Trademarks.

   6. Any of the acts or omissions described in subparagraphs (a) through (d) of Paragraph 5 above will cause damage to Novell, and such damage may be difficult to quantify. If any Defendant commits any such acts, either directly or indirectly, he shall be liable to Novell for liquidated damages in the amount of Three Thousand Five Hundred Dollars (US$3,500) for each such act, plus Novell's costs, expenses, and

of each unit of Novell product constitutes a separate "act" for purposes of calculating the liquidated damages, regardless of whether the unit is distributed with one or more other units of Novell product and regardless of the number of transactions involved.

7. Within fifteen (15) days of the date hereof, the Crescent Computer Parties agree to permanently surrender to Novell any and all Novell software, including but not limited to diskettes and CD-ROMs, in its possession or control, that have not been acquired in conformity with Novell's license(s). The Crescent Computer Parties shall bear all of the costs and expenses associated with compliance with this provision.

8. With the exception of Novell's claims for injunctive relief as granted herein, any and all claims asserted in this action are hereby dismissed with prejudice.

9. Novell and the Crescent Computer Parties shall bear all of their own costs, expenses, and attorneys' fees in this action.

10. This Court shall have continuing jurisdiction with respect to the enforcement of this Final Judgment by Consent for a Permanent Injunction.

DATED: February 10th, 2005, at Long Island, New York.

_____
United States District Judge

4

IT IS HEREBY STIPULATED between plaintiff Novell, Inc., and defendants Crescent Computer & Software Inc. and Akbar Petiwala that Final Judgment By Consent For a Permanent Injunction shall be entered as set forth above.

DATED: February 4, 2005.

NORMAN H. ZIVIN
DONNA A. TOBIN
COOPER & DUNHAM, LLP

GREGORY M. HESS
D. CHAD MCCOY
PARR, WADDOUPS, BROWN, GEE & LOVELESS, PC

_____
Attorneys for Plaintiff Novell, Inc.

DATED: Aug 31, 2005

JACQUES MESHELL

_____
Attorney for Defendants
Crescent Computer & Software Inc.,
and Akbar Petiwala

5

provided for above.

DATED: *JAN. 28*, 2005                     CRESCENT COMPUTER &
                                           SOFTWARE INC.

                                           By: *[signature] Petiwala*

                                           Its: *President*

DATED: _____, 2005                  *[signature] Petiwala*
                                           Akbar Petiwala

*January 28, 2005*
*Barbara J. Strugala*

BARBARA J. STRUGALA
NOTARY PUBLIC, State of New York
No. 01ST6011623
Qualified in Queens County
Commission Expires August 10, 2006

6

CONSENT FOR A PERMANENT INJUNCTION was served on February 4, 2005, by U.S. Mail, first class postage prepaid, on the following:

        Jaques N. Meshell
        3669 Park Lane
        Coconut Grove, Florida 33133

        Attorney for the Defendants Crescent Computer
        & Software, Inc. and Akbar Petiwala

_____